## THE STATE, GRIFFIN ET AL., PROSECUTORS, v. JOHN MILLS.

1. Under the ninth section of the act concerning disorderly persons, several persons may be jointly tried on the charge of being common thieves. Where the offence is of a nature to be several, exclusively, an allegation that several committed such act, is, in substance, equivalent to a charge that each of the persons did it. This case distinguished from *Handlin* ads. *State*, 1 *Harr.* 96.
2. The defendants, having been present at the trial, and put in their defence without demanding a jury trial, are held to have waived their right to a jury.

On *certiorari*.

Argued at February Term, 1877, before Justices DEPUE, SCUDDER, and VAN SYCKEL.

For the plaintiffs in *certiorari*, *J. Frank Fort*.

Griffin v. Mills.

The opinion of the court was delivered by

VAN SYCKEL, J.   The prosecutors were arrested, by virtue of the ninth section of the act concerning disorderly persons, as common thieves, January 27th, 1877, jointly tried for the offence without a jury, before Charles M. Jessup, esquire, special police justice of Newark, on the 29th of January, and convicted, and sentenced to ninety days each in the county jail, and each separately committed.

The first reason relied upon for the reversal of this judgment is, that the defendants were complained of jointly, and tried and convicted jointly, and sentenced and committed separately.

This ground of defence is rested upon *Handlin* ads. *State*, 1 *Harr*. 96.   This case was rightly decided.   The complaint was against three persons, that they had, wilfully and of purpose, disturbed a religious meeting, by laughing and talking during the time of service.   The summons was against them jointly, and the conviction was joint.   The justice said, " I convicted them of the offence."   He convicted them jointly, of one single offence, and fined them each, separately, $10 and costs, as if they had been convicted of three several offences. The sentence was not warranted by the judgment, and the proceedings, therefore, were clearly erroneous.

A religious meeting might be disturbed by an act done by two or more, which would not be the several act of either, as, if two persons should unite in, throwing a heavy body into the church, so as to occasion a loud noise.   The defect, therefore, in that conviction was, that it was for a single offence, which was susceptible of being joint, and that fines were imposed for several offences.

But where the offence is of a nature to be several, exclusively, an allegation that several committed such act is, in substance, equivalent to a charge that each of the persons did it.   By force of the nature of the act done, the joint charge must be read as a several charge, and so of the joint conviction.   In the case under review, the charge is that the persons complained of are common thieves.   In what respect does this

differ from an averment that each one of the persons named is a common thief? No single act of larceny, susceptible of being jointly committed, is imputed to them, but the complaint calls in question the general and notorious character of each one named, and, therefore, though their names are coupled together, the charge is, in effect, several. It would seem to involve something of absurdity, to say that three men were jointly guilty of being common thieves. The justice regarded it as a several charge, and, in his judgment, says: " I found and adjudged the defendants, James Griffin, Charles King, and Thomas Bigelow, each individually and for himself, guilty of being each a disorderly person, within the meaning of the act, in manner and form as they stand charged before me."

Each defendant, therefore, was adjudged to be guilty of the offence denounced by the statute, and was justly subjected to its punishment.

It is not clear that, even in an indictment, several persons may not be charged with several offences.

Mr. Bishop says the books contain various cases wherein indictments have been sustained against a number of persons for several offences of the same kind, charged to have been committed by them severally; the offences, either in their nature or in the actual facts, not being joint. 1 *Bishop's Cr. Proc.*, § 473.

The like doctrine is stated by Mr. Starkie, as follows: " If, in the same indictment, several offences be alleged to have been committed by several persons, no advantage, it seems, can be taken either upon demurrer or in arrest of judgment, though the court will, in its discretion, either quash the indictment or use such measures as shall obviate any inconvenience to the defendants which might otherwise arise. For the charging the offences to have been committed severally, makes each such charge a separate indictment." See also 2 *Hale's P. C.* 174; *Rex* v. *Kingston*, 8 *East* 41.

Since the law admitting defendants to testify in their own behalf, the joinder of several defendants in one complaint can

result in no inconvenience or detriment to them, and this may be some reason why too great strictness should not be maintained with respect to the pleadings under the statute in question.

In the second place, a reversal is asked for, upon the ground that the defendants were tried before the justice, without being offered a trial by jury or waiving the same.

That the justice may try cases under the act concerning disorderly persons, without a jury, where no right of jury trial is expressly given by the act, is too well settled in the practice of this state to be disturbed, and no reason appears why the defendant may not waive the right to a jury trial where the act confers it.

Was there a waiver in this case?

The justice's record shows, that on the trial day the defendants appeared with their counsel for trial; that witnesses were sworn for the state, the defendants declining to be sworn or make any statement; and that after hearing the witnesses, the allegations of the parties, and the arguments of the respective counsel, the justice pronounced judgment.

The twenty-first section of the act concerning disorderly persons provides, that in all cases under that act where, upon conviction, the magistrate may, in his discretion, commit the offender to the common jail, he shall have the right of trial by jury.

The right was in the defendants—it was incumbent upon them to exercise it and call it into requisition. Without their consent, express or implied, no other mode of trial could be adopted.

They were present at the trial, in person, and were likewise represented by counsel. The case was moved; they made no demand for a jury, but permitted the cause to go on, and were heard through their counsel, without intimating any desire for a jury. After taking the chance of an acquittal by the justice, it is too late now to object to the tribunal. By their conduct they clearly acquiesced in submitting their case to the justice alone. Suppose that the result had been favorable to them on

that trial, could the state allege that, for want of a jury, it was no trial, and compel them to submit themselves again to the hazard of a conviction? Clearly not, and if conclusive upon the one side, it must be upon the other.

*Hinchly* v. *Machine*, 3 *Gr.* 476, and *Ten Eyck* v. *Farlee*, 1 *Harr.* 348, relied upon by the prosecutors, do not support this reason.

Both cases concede that a jury may be waived, but the vice in those cases was that the party demanded a jury at the time the trial was moved, which was denied him, on the ground that it was waived because he did not apply for it at any earlier period fixed by a rule of court for that purpose.

In the former case, the court expressly says that if the party had gone to trial before the court, at the special term, without any objection to that mode of trial, it would have been too late for him to complain about it afterwards.

The objection to the form of the record made up by the justice is not well taken.

The result is, that the proceedings below are affirmed, with costs.